IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN EDWARD VILLNAVE,<br>Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director, TDCJ-CID,<br>Respondent. | )<br>)<br>)<br>)  No. 3:16-CV-2221-N-BF<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for felony driving while intoxicated. *State of Texas v. Steven Edward Villnave*, No. F-1122458-U (291st Jud. Dist. Ct., Dallas County, Tex., Feb. 5, 2013). Petitioner was sentenced to ten years in prison. He did not appeal.

On April 8, 2013, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Villnave*, No. 64,007-09. On July 29, 2015, the Court of Appeals denied the petition without written order on the findings of the trial court. On August 12, 2015, Petitioner filed a second state habeas petition. *Ex parte Villnave*, No. 64,007-10. On November 18, 2015, the Court of

Criminal Appeals dismissed the petition as subsequent. On November 27, 2015, Petitioner filed his third state habeas petition. *Ex parte Villnave*, No. 64,007-12. On July 20, 2016, the Court of Criminal Appeals dismissed the petition as successive.

On July 28, 2016, Petitioner filed this federal petition. He argues:

1. The State breached the plea agreement;

2. The State failed to prove up the enhancement paragraph;

3. He is actually innocent;

4. The trial court did not have jurisdiction;

5. He received ineffective assistance of counsel;

6. He was denied due process because of delay in the state habeas process; and

7. The record does not show that he waived a jury trial.

On November 2, 2016, Respondent filed her answer. On November 16, 2016, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

See 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.    Procedural Bar**

Respondent argues the following claims are procedurally barred because the Court of Criminal Appeals dismissed the claims as subsequent: (1) the State breached the plea agreement; (2) the trial court violated the corpus delicti rule requiring evidence of guilt to corroborate a guilty plea; (3) the enhancement was invalid which deprived the trial court of jurisdiction; and (4) Petitioner did not waive his right to appeal.

**(A)    Plea Agreement**

Respondent states that after filing his first state habeas petition with the trial court, Petitioner attempted to file a supplement directly with the Court of Criminal Appeals raising the plea agreement claim. Respondent states the Court of Criminal Appeals sent the amendment to the trial court, which did not enter findings or conclusions regarding the claim. Respondent argues the Court of Criminal Appeals therefore did not consider the claim. Petitioner, however, states that he filed this claim with the trial court and sent a copy to the Court of Criminal

Appeals. Petitioner dated his supplemental claim as June 29, 2015, which was after the trial court had entered its June 15, 2015, findings and conclusions. The trial court did not enter findings and conclusions on Petitioner's new claim. The Court of Criminal Appeals subsequently denied the petition without written order on the findings of the trial court. It is unclear if the Court of Criminal Appeals considered Petitioner's plea bargain claim. The Court therefore declines to find the claim procedurally barred and will address the claim below.

### (B) Right to Appeal

Respondent argues Petitioner's claim that he did not waive his right to appeal is procedurally barred because he did not raise this claim until his second state habeas petition which was dismissed as subsequent. Respondent notes, however, that Petitioner did raise an appeal claim in his first state habeas, but argues that it is a different claim than raised in this petition. The Court finds the appeal claim raised in Petitioner's first state habeas is unclear, but it is possible he attempted to raise the appeal claim that he now asserts in this petition. The Court therefore declines to find Petitioner's claim procedurally barred and will address the claim below.

### (C) Remaining Claims

Petitioner argues the trial court violated the corpus delicti rule requiring evidence of guilt to corroborate a guilty plea. Petitioner raised this claim in his third state habeas petition, which was dismissed as successive. He also claims the enhancement was invalid because a box on the plea agreement was not marked, which deprived the trial court of jurisdiction. Petitioner raised this claim in his second state habeas petition, which was dismissed as subsequent. Finally, he argues he did not waive a jury trial. Petitioner raised this claim in his

third state habeas petition, which was dismissed as subsequent. The Court of Criminal Appeals refused to review the merits of Petitioner's claims based on the existence of an independent and adequate state procedural bar. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (barring successive state habeas applications absent a showing of cause or actual innocence); *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998) (Texas' abuse-of-the-writ doctrine is regularly and strictly applied); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam) (dismissal is independent and adequate state bar).

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635,

644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

### 3. Actual Innocence

Petitioner claims he is actually innocent. A claim of actual innocence independent of constitutional infirmity at trial is not cognizable on habeas review. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1988). Additionally, Petitioner pleaded guilty to the offense and signed a judicial confession admitting he committed the offense.

Further, a petitioner claiming actual innocence must submit new evidence showing, "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). Here, Petitioner relies upon testimony form his July 2011 parole revocation, and a September 2012 witness affidavit to argue he is actually innocent. This evidence was available prior to Petitioner's February 5, 2013, guilty plea. Petitioner has failed to submit any new evidence to support his claim. Petitioner's actual innocence claim should be denied.

4.  **Jurisdiction**

Petitioner claims the trial court lacked jurisdiction because the arrest warrant failed to show the time that Petitioner was arrested. Under Texas Code of Criminal Procedure 15.02, an arrest warrant must contain the following: (1) the specific name of the person to be arrested, if known, if unknown, then some reasonable description of the person; (2) a statement that the person is accused of an offense against the State, and the name of the offense; and (3) the signature of a magistrate judge, along with the name of the judge's office. Texas law does not require that an arrest warrant contain the time of arrest. Petitioner's claim should be denied.

5.  **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his counsel was ineffective when counsel failed to : (1) consult with him for more than a year (2) challenge the enhancement; (3) investigate a witness; (4) inform him of a five-year plea offer; (5) obtain an examining trial; and (6)communicate with him prior to resetting the case.

Defense counsel filed an affidavit on state habeas review disputing Petitioner's claims. (ECF No. 16-14 at 3-6.) Counsel stated he did not communicate with Petitioner for approximately one year because Petitioner was released from jail and he did not have contact information for Petitioner. Counsel stated he was appointed to represent Petitioner in April, 2011 after Petitioner's March, 2011 arrest. Petitioner was then released from jail because a case had not been filed within 72 hours of his arrest. Petitioner was indicted on August 23, 2011, but Petitioner was at large and counsel did not know Petitioner's location. On August 3, 2012, Petitioner was arrested and counsel began representing him. Petitioner has failed to show his counsel was ineffective for being unable to locate Petitioner to confer. This claim should be denied.

Petitioner claims counsel failed to convey a five-year plea offer. Counsel responded in his affidavit that he informed Petitioner of the offer, but that Petitioner did not accept the offer at the time it was made. When Petitioner pled guilty, the offer was no longer available.

Petitioner claims counsel failed to challenge the enhancement. Counsel responded in his affidavit that there were inaccuracies in the enhancement paragraph, and that he told Petitioner

not to discuss the inaccuracies with the State. Counsel stated Petitioner wrote a letter to the court pointing out the enhancement discrepancies, which led to the State correcting the inaccuracies.

Counsel stated in his affidavit that Petitioner provided him with the name of a witness that Petitioner claimed would testify in favor of the defense. Counsel and his investigator spoke with the witness, but counsel stated the witness was not cooperative and would not get involved in the case.

Petitioner also claims counsel failed to obtain an examining trial, and that counsel reset the case without communicating with him. Counsel responded in his affidavit that he could not schedule an examining trial because Petitioner was at large, and he did not know Petitioner's location. Finally, Petitioner has failed to show how he was prejudiced by any reset of his case. Petitioner has failed to show that the state court's denial of these claims was unreasonable.

6.  **State Habeas Process**

Petitioner argues that a delay of over two years to receive a decision on his state habeas petition violated his right to due process. Petitioner's claims regarding the state habeas process do not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("infirmities in the state habeas process do no constitute grounds for relief in federal court"). Petitioner's claim should be denied.

7.  **Plea Agreement**

Petitioner argues the State breached the plea agreement because a pass slip showed the plea agreement was for five years in prison rather than ten years in prison. As discussed above, defense counsel stated in his affidavit that the State offered Petitioner a plea bargain of five years, but Petitioner did not accept the plea bargain at that time. (ECF No. 16-14 at 3, 5.) At the

time Petitioner pled guilty, the offer for five years was no longer available. (*Id.*) The plea agreement that all parties signed also showed that the agreement was for a term of ten years. (ECF No. 16-6 at 73-74.) Petitioner's claim is without merit.

**8.   Appeal**

Petitioner claims he did not waive his right to appeal. The record shows, however, that in the plea agreement Petitioner waived his right to appeal. (*Id.* at 75.) Petitioner's claim is without merit and should be denied.

**9.   Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**III.   Recommendation**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 8 day of January, 2018.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).